UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MARCUS A. PROCTOR, | ) |
| Plaintiff, | ) Civil Action No. 6: 22-198-DCR |
| v. | ) |
| T. GILLEY, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate and Plaintiff Marcus Proctor was previously confined at the Federal Correctional Institution ("FCI") in Manchester, Kentucky. He is now incarcerated at a FCI in Oxford, Wisconsin. Proceeding without a lawyer, Proctor filed a civil rights Complaint with the United States District Court for the Western District of Kentucky pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1] He complains about conduct that allegedly occurred at FCI – Manchester, and he names the following employees of that institution as defendants: Warden T. Gilley, Associate Warden H. Ray, "SIS Bigelow," and Captain T. Bowles. [*See id.* at 1-2.]

The Court for the Western District of Kentucky reviewed Proctor's complaint and recognized that the alleged conduct at issue occurred in this judicial district and that all of the named defendants appeared to reside here. [Record No. 5] It therefore concluded that venue was proper in this district and the matter was transferred here pursuant to 28 U.S.C.

§§ 1404 and 1406.  Proctor's complaint is now pending for initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Having fully reviewed this matter, the Court will dismiss Proctor's complaint because it fails to state a claim upon which relief may be granted.

As an initial matter, Proctor lists Warden T. Gilley, Associate Warden H. Ray, and "SIS Bigelow" as defendants.  However, it does not appear that Proctor has asserted any substantive factual claims against these named defendants.  [*See* Record No. 1 at 4-5.]  In short, Proctor has not explained in any clear way what these individuals did, or failed to do, to cause him harm, as is required to state a claim against them.

It is true that Proctor suggests he was improperly placed in a special housing unit at FCI – Manchester because he complained about staff conduct "to higher administrative levels" and perhaps even members of Congress.  [*See id.* at 4]  But Proctor frames these allegations in the context of discussions he claims he had with two other prison officials (i.e., "Officer Cardenas" and "SIS Chenney"), neither of whom Proctor actually names as defendants.  [*See id.*]  And because Proctor does not clearly link any of his allegations to Warden T. Gilley, Associate Warden H. Ray, and "SIS Bigelow," he has failed to state a claim against those named defendants.

That leaves Proctor's allegations against Captain Bowles.  Proctor says that he was "denied access to envelopes, stamps, and other legal materials" in 2021 and was thus prevented from filing a reply brief in support of a motion to modify or reduce his sentence in his underlying criminal case.  [*Id.* at 5.]  Proctor then indicates, "Frustrated about being denied access to material to prepare my legal documents, I asserted that they were

retaliating against me, to which Captain Bowles retorted that [is] what happens when you write Congress and get on social media saying I'm not doing my job." [*Id.*] Proctor thus claims that "Captain Bowles retaliated against [him] by directing [that he] not be provided material to prosecute [his] case, thus depriving [him] of [his] constitutional right to access . . . the Court, which directly resulted in the denial of [his] petition." [*Id.*] As a result, Proctor is seeking money damages. [*See id.* at 6]

Proctor's retaliation and access-to-the-court claims are unavailing for several reasons. First, the United States Supreme Court has plainly held "that there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 143 S. Ct. 1793, 1807 (2022). An alleged denial of access to the courts is also not a context in which a *Bivens* remedy has been implied, *see id.* at 1802-04, and given the Supreme Court's jurisprudence in this area, this Court likewise will not imply a damages remedy in that context.

Furthermore, even if Proctor's access-to-the-court claim were cognizable under *Bivens*, his allegations fail to state a claim upon which relief may be granted. After all, to state such a claim, a plaintiff "must allege 'the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost.'" *Thomas v. Dickson*, No. 18-2317, 2019 WL 6005487, at *2 (6th Cir. 2019) (quoting *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011)).

In this case, Proctor has not alleged in any clear way what specific arguments he was prevented from raising in support of his motion for a reduced sentence. Additionally, a review of the publicly available record in Proctor's underlying criminal case indicates that, in 2021, after the trial court denied his motion to reduce his sentence, he filed a motion

for reconsideration, along with a proposed reply brief. *See United States v. Marcus Proctor*, No. 5: 11-CR-00030-TBR-1, at Record Nos. 65, 66, and 67 (W.D. Ky. 2021). The trial court then "thoroughly reviewed [Proctor's] reply brief" but concluded that his arguments did "not change the outcome in this case." *Id.* at Record No. 73. This directly undercut Proctor's claim that he was somehow prevented from fully litigating the motion at issue and thus undermine his access-to-the-court claim.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Proctor's Complaint [Record No. 1] is **DISMISSED** with prejudice.

2. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: October 26, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky